NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-1032
_____

MIGUEL PEREZ

v.

CAMDEN MUNICIPAL COURT;
CITY OF CAMDEN


City of Camden,
                    Appellant
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 1-14-cv-07473)
District Judge:  Honorable Robert B. Kugler
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
September 12, 2017

Before:  VANASKIE, RENDELL and FISHER, *Circuit Judges*.

(Filed: October 25, 2017)
_____

OPINION[*]
_____

_____

        [*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7
does not constitute binding precedent.

FISHER, *Circuit Judge*.

Appellee Miguel Perez filed a complaint against Appellants Camden Municipal

Court and the City of Camden (collectively "Camden") alleging violations of the

Americans with Disabilities Act ("ADA"),[1] the Rehabilitation Act of 1973,[2] and the New

Jersey Law Against Discrimination ("NJLAD").[3] Camden filed a motion for summary

judgment; Perez filed a cross-motion for partial summary judgment. The District Court

granted Perez partial summary judgment on liability under the ADA, the Rehabilitation

Act, and the NJLAD. It granted Camden summary judgment on the injunctive relief

Perez requested, but denied Camden summary judgment as to damages. It did not

consider judicial immunity, which Camden raised, to be applicable because no judicial

officer was named as a defendant.

Camden appeals, arguing that the District Court erred with regard to both judicial

immunity and the grant of partial summary judgment to Perez. For the reasons that

follow, we dismiss this appeal for lack of jurisdiction.

I.

Perez is profoundly deaf, and he communicates through American Sign Language

("ASL"). Perez was convicted of driving under the influence and sentenced to complete a

drivers' education course. He did not complete the course and was summoned to Camden

---

[1] 42 U.S.C. § 12101 *et seq.*
[2] 29 U.S.C. § 794.
[3] N.J. Stat. Ann. 10:5-1 *et seq.*

Municipal Court. Several weeks in advance of his court date, he advised the Municipal

Court that he required an ASL interpreter. Over the course of the next year, Perez

appeared at the Municipal Court eight times in connection with his DUI sentence. Only

once did the court provide an ASL interpreter. Perez filed a complaint, asserting that

Camden's failure to provide reasonable accommodations for his disability violated his

rights under the ADA, the Rehabilitation Act, and the NJLAD.

## II.

Before reaching the merits, we consider whether we have jurisdiction over this

appeal. We have jurisdiction over appeals from all final decisions of the district courts of

the United States.[4] A decision is final when it "ends the litigation on the merits and leaves

nothing for the court to do but execute the judgment."[5] An order that "resolv[es] liability

without addressing a plaintiff's requests for relief is not final."[6] Here, as both parties

recognize, the decision did not resolve all claims and did not end the litigation, and

therefore is not a final decision.

Camden argues that this Court nevertheless has jurisdiction under 28 U.S.C. §

1291 and the collateral order doctrine established in *Cohen v. Beneficial Industrial Loan

Corp.*[7] To be immediately appealable as a collateral order, a district court decision must:

---

[4] 28 U.S.C. § 1291.
[5] *Riley v. Kennedy*, 553 U.S. 406, 419 (2008) (quoting *Catlin v. United States,* 324 U.S. 229, 233 (1945)).
[6] *Id*. at 419.
[7] 337 U.S. 541, 546 (1949).

(1) be conclusive as to the disputed question; (2) "resolve important questions completely separate from the merits"; and (3) "render such important questions effectively unreviewable on appeal from final judgment in the underlying action."[8] The third element requires a "judgment about the value of the interests that would be lost through rigorous application of a final judgment requirement."[9] The denial of a "substantial claim of absolute immunity" can be appealed before final judgement.[10] Judicial immunity, which Camden raised here, protects judicial officers from personal liability for judicial acts, so long as they are not taken in the clear absence of all jurisdiction.[11]

The District Court's statement that judicial immunity only bars suit against a judicial officer is not an appealable collateral order. Just as municipalities cannot assert qualified immunity defenses as a means of gaining review of adverse denials of summary judgment, neither can Camden assert a judicial immunity defense to appeal this District Court decision under the collateral order doctrine.[12] Without a judicial officer making the claim, there is no "substantial claim of absolute immunity."[13]

Judicial immunity protects the judicial officer so that "in exercising the authority vested in him, [he] shall be free to act upon his own convictions without apprehension of

---

[8] *Dig. Equip. Corp. v. Desktop Direct, Inc.*, 511 U.S. 863, 867 (1994).
[9] *Id.* at 878-79.
[10] *Mitchell v. Forsyth*, 472 U.S. 511, 525 (1985).
[11] *Stump v. Sparkman*, 435 U.S. 349, 356-57, 60 (1978).
[12] *See Brown v. Grabowski*, 922 F.2d 1097, 1105 (3d Cir. 1990).
[13] *Mitchell*, 472 U.S. at 525.

personal consequences to himself."[14] This important interest in shielding individual officials from litigation satisfies the third prong of the *Cohen* test and allows judicial officers to appeal denials of judicial immunity.[15] Here, no judicial officer has been denied immunity. The District Court's decision not to apply judicial immunity to municipal entities does not implicate sufficiently important interests to satisfy the third prong of *Cohen*. For these reasons, the District Court's statement that judicial immunity only bars suit against a judicial officer is not reviewable under the collateral order doctrine.

III.

Because we lack jurisdiction, we dismiss this appeal.

---

[14] *Bradley v. Fisher*, 80 U.S. (13 Wall.) 335, 347 (1872).

[15] *Mitchell*, 472 U.S. at 525 ("the denial of a substantial claim of absolute immunity is an order appealable before final judgment"); *Venen v. Sweet*, 758 F.2d 117, 121-22 (3d Cir. 1985) (holding that a denial of a motion to dismiss on the issue of judicial immunity is appealable under the collateral order doctrine).